**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DONALD STEVENSON, ID # 1825829,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:15-CV-3888-D  (BH) |
| ) | |
| **BRAD LIVINGSTON,** ) | Referred to U.S. Magistrate Judge |
| ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Donald Stevenson's Motion to Extend Time for Filing Petition for 28 U.S.C. § 2254*, received on December 7, 2015 (doc. 3). Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

In November 2012, the petitioner was convicted of aggravated kidnaping and unlawful possession of a firearm by a felon in Cause Nos. F12-54028-R and F12-54029-R, respectively, in Dallas County, Texas, and sentenced to thirty years' confinement in each case to run concurrently. (doc.3.) His convictions were affirmed on direct appeal. *See Stevenson v. State*, 2014 WL 3555767 (Tex. App.–Dallas July 17, 2014, pet. ref'd). The Texas Court of Criminal Appeals refused his petitions for discretionary review on November 26, 2014. *See* PD-1033-14 and PD-1034-14; *see* http://search.txcourts.gov/Case.aspx?cn=PD-1033-14(PD-1034-14)&coa=cosca&p=1. The petitioner filed his state habeas applications on July 21, 2015, and they were ultimately denied without written order on the trial court's findings without a hearing on November 4, 2015. *See Ex parte Stevenson*, WR-71,015-02 and WR-71,015-03 (Tex. Crim. App. Nov. 4, 2015); *see also*

http://www.dallascounty.org/criminalBackgoundSearch/defendant_detail.do?in=02.

The petitioner now seeks an extension of time to file a § 2254 petition because he "has not had sufficient time after receipt of the habeas corpus 11.07 of the Court of Criminal Appeal to prepare his 28 U.S.C. § 2254 pro se, for filing with this Court." (doc. 3.)

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 F.

2

App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory'") (quoting *United States v. Leon*, 203 F.3d 162,163 (2d Cir. 2000)); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray,* 2008 WL 5385010 at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted)).

Here, the petitioner seeks an extension of time to file a § 2254 petition. A ruling on his motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling applies. As noted, § 2254 does not authorize a prospective extension of the statute of limitations. Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III. RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless the petitioner submits a § 2254 habeas petition on the appropriate form[1] *and* files a motion to proceed *in forma pauperis* or pays the $5 filing fee within the fourteen-day period for objecting to this recommendation, or some other deadline set by the Court.[2]

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because the petitioner seeks to challenge a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. Its Director, William Stephens, is therefore the appropriate respondent in a § 2254 case.

[2] The Clerk of the Court shall mail the petitioner (1) a form application to proceed *in forma pauperis,* and (2) a standard form for cases filed under 28 U.S.C. § 2254, with the case number included on the form.

**SO RECOMMENDED on this 8th day of December, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE